CARTER and another vs. REWEY.

*December 18, 1884 — March 31, 1885.*

DEBTOR AND CREDITOR: CHATTEL MORTGAGE. *(1) Preferences. (2) Future advances. (3) Mortgage to attorneys: Assignment for benefit of creditors.*

1. It is competent for a debtor in failing circumstances to pay or secure one creditor or a number of creditors, where there is no statute forbidding such preference and the transaction is not tainted with any unlawful intent.

2. A chattel mortgage may be given to secure future advances as well as an existing indebtedness, provided it appears on its face to be intended as a continuing security for such advances.

3. An instrument in the form of a mortgage of a debtor's stock in trade, "for securing the payment of $1,000," conditioned for the payment to the mortgagees of several claims in their hands as attorneys for collection, amounting to $385; also to secure such other claims as may come into their hands; and also another claim not in their hands, amounting to $127, — is held to be a chattel mortgage, not an assignment for the benefit of creditors, and is valid. *Page v. Smith*, 24 Wis. 368, distinguished.

APPEAL from the Circuit Court for *Grant* County.

Action to recover the value of goods and merchandise seized by the defendant as constable under and by virtue of writs of attachment, and sold by him under and by virtue of executions thereafter issued upon judgments against one Charles H. McLean. The plaintiffs claimed title to the property under a chattel mortgage executed by McLean to them prior to the levy of the writs. The mortgage purports to be "for securing the payment of $1,000." The condition thereof is as follows:

"Upon condition that if the said party of the first part shall forthwith well and truly pay or cause to be paid unto said party of the second part, his heirs, executors, administrators, or assigns, the sums of money as follows: To C. Preusser & Bro. the amount of their claim against me, about $125; to Benjamin Allen & Co. the amount of their claim

against me, being now about $200; to Stein & Elbogen the amount of their claim against me, the same being about $60; and also to secure such other claims as may come into the hands of said *Carters* against me for collection; also the claim of Aiken, Lambert & Co., of New York, against me, amounting to about $127; then these presents and everything therein contained shall be void."

The three claims first mentioned in the mortgage were, at the time of the execution thereof, in the hands of the plaintiffs as attorneys for collection. The claim of Aiken, Lambert & Co. was not then in their hands and did not thereafter come to their hands.

The defendant justified the taking and sale of the property under the attachments and executions. The cause was tried by the court, a jury being waived. The court found in favor of the plaintiffs, and from the judgment entered accordingly the defendant appealed.

For the appellant there was a brief by *A. W. & W. E. Bell*, and oral argument by *Mr. A. W. Bell*. To the point that the instrument under which the plaintiffs claimed was, in effect, an assignment for the benefit of creditors, and as such was void, they cited *Norton v. Kearney*, 10 Wis. 443; *Paye v. Smith*, 24 id. 368; *Hutchinson v. Lord*, 1 id. 286; Burrill on Assignments, 2, 3; *Lucas v. S. & E. R. R. Co.* 32 Pa. St. 458; *Dickson v. Rawson*, 5 Ohio St. 218; *Truitt v. Caldwell*, 3 Minn. 364; *Burrows v. Lehndorff*, 8 Iowa, 96; *Bloom v. Noggle*, 4 Ohio St. 45; *Harkrader v. Leiby*, id. 602; *Brown v. Webb*, 20 Ohio, 389; *Woodruff v. Robb*, 19 id. 216.

For the respondents there was a brief by *Carter & Cleary*, and oral argument by *Mr. Carter*. They argued, *inter alia*, that the instrument in question was not an assignment, but a valid mortgage. *Jaffray v. Greenbaum*, 20 N. W. Rep. 775; *Ridgway v. Stewart*, 4 Watts & S. 383, 391; *Manufacturers' & M. Bank v. Bank of Pa.* 7 id. 335; *Hewitt v. Huling*, 11 Pa. St. 27; Burrill on Assignments, 34, 35; *Mar-*

*den v. Babcock*, 2 Met. 104; *Henshaw v. Sumner*, 23 Pick. 446; *Dias v. Bouchaud*, 10 Paige, 461; *Leitch v. Hollister*, 4 N. Y. 215; *Barker v. Hall*, 13 N. H. 298; *Low v. Wyman*, 8 id. 536; *Rockwell v. Humphrey*, 57 Wis. 418. A debtor, even if in failing circumstances, may lawfully prefer one creditor, or a class of creditors, in the absence of a statute prohibiting it; and we had no such statute at that time. *Kneeland v. Cowles*, 3 Pin. 316; *Ball v. Bowe*, 49 Wis. 495; *Tompkins v. Wheeler*, 16 Pet. 106; *Hendricks v. Robinson*, 2 Johns. Ch. 283, 306; Burrill on Assignments, 99, 100; *Henshaw v. Sumner*, 23 Pick. 452–3; *Robinson v. Collier*, 11 B. Mon. 332. The mortgage was not void because given to secure the class of creditors who might put their claims into the hands of a particular attorney or firm for collection. If the debtor may select the creditors to be preferred he may authorize another to do so for him. See *Hendricks v. Robinson*, 2 Johns. Ch. 307–310; 1 Hilliard on Mortgages, 286–7.

The following opinion was filed January 13, 1885:

COLE, C. J. The learned counsel for the defendant insists that the instrument under which the plaintiffs claim the goods in controversy is really an assignment for the benefit of creditors, and is void for several reasons. If his view of the nature of that instrument is correct, its invalidity would follow as a natural consequence. The plaintiffs gave no bond, and did not attempt to comply with the statute regulating voluntary assignments for the benefit of creditors. But an inspection of the instrument will show that it is a chattel mortgage and not an assignment. It is in the usual form of a chattel mortgage. For the purpose of securing the payment of $1,000, Charles H. McLean bargained, sold, and transferred to the plaintiffs all of his stock in trade — consisting of a quantity of jewelry — and other personal property named, upon the condition that if McLean should forthwith pay the three debts specified, amounting to the

sum of $385, also to secure such other claims against him as might come into the hands of the plaintiffs for collection, and a claim of Aiken, Lambert & Co. of $127, then the sale to be void. It is a conditional sale to secure the payment of certain debts. In case of default in the payment of the moneys mentioned as specified, the plaintiffs were authorized to take possession of the mortgaged property and sell the same at public or private sale for the best price which could be obtained therefor, and out of the proceeds pay the debts named and expenses, and return the surplus to the mortgagor. It will be seen that the instrument is a formal chattel mortgage, and must be so regarded. In many important respects it differs from the instrument considered in *Page v. Smith*, 24 Wis. 368, which was held to be an assignment for the benefit of creditors.

Now, treating this as a legal mortgage of personal property, given to secure the payment of certain debts, the question arises, Is it valid, and did it have the effect to vest in the plaintiffs the title to the property embraced in it? The instrument was not only filed in the town clerk's office, but the plaintiffs took possession of the property under it, and had possession when the defendant seized a portion of the property on the attachments. There is no pretense that the debts which the chattel mortgage was given to secure were not *bona fide* debts of the mortgagor. But it is said that McLean was largely indebted to other creditors when he gave this mortgage upon his entire stock of goods, and that the plaintiffs knew the fact. But still it is competent for a debtor in failing circumstances to pay or secure one creditor or a number of creditors, where there is no statute forbidding such preference and the transaction is not tainted with any unlawful intent. But it is further objected that the mortgage purports to be given to the plaintiffs as attorneys, not only to secure certain claims in their hands, but also all such other claims against McLean as might there-

after come into their hands for collection. It is insisted that this uncertainty as to the claims or liabilities intended to be secured by the mortgage renders it void as to creditors; but we suppose a chattel mortgage may be given to secure future advances as well as an existing indebtedness, providing it appears on the face of the mortgage to be intended as a continuing security for such advances.

In *Butts v. Peacock*, 23 Wis. 359, there is a strong intimation by Mr. Justice PAINE that a chattel mortgage given for a greater amount than was due, even though designed to secure future advances, should be held void as to creditors if it did not disclose its real character on its face. The distinguished judge thought such a mortgage must necessarily tend to hinder and delay the creditors of the mortgagor, because it would deceive and mislead them as to the extent of the liens upon the property. But the use of a chattel mortgage " as security for future advances, and as indemnity for liabilities as sureties and indorsers, must necessarily exclude the idea of great precision in the exact amount of the incumbrance being made apparent on the face of the mortgage. There must be a sufficient general description to embrace the demands and liabilities intended to be secured, and to put the person examining the records upon inquiry, and to direct him to the proper source for more minute and particular information of the amount of the incumbrance." DEWEY, J., in *Henshaw v. Sumner*, 23 Pick. 446, 453. Within this rule it is apparent that the description of the indebtedness the mortgage was intended to secure in this case could be readily ascertained by any one. Certain debts were named and the amounts stated. And the plaintiffs would be bound to disclose to a creditor whether they held any claims for collection other than these debts, and any creditor had the right to subject the mortgaged property to the payment of his debt at any moment by paying the amount for which the plaintiffs held the goods. This

Carter and another vs. Rewey.

amount, as we have said, could be ascertained by inquiry of them. Consequently we hold that the clause in the mortgage stating that it was 'also given to secure such other claims as might come into the hands of the plaintiffs for collection did not vitiate the mortgage.

The defendant's counsel admits that an attorney may take a mortgage in his own name to secure a debt due his client, but he says the attorney cannot take a mortgage from an insolvent debtor to secure debts due creditors not his clients. But it seems to us the case in principle stands upon the same grounds as a mortgage for future advances. If a mortgage given to secure future advances to a certain amount is valid to that amount, why is not the mortgage in question legal? But it is enough to say that the clause does not render the mortgage void. The plaintiffs do not claim that any demands against McLean did come into their hands, and they do not hold the mortgage to secure any other debts than those in their hands when the mortgage was made. They do not seek to give effect to the clause, but claim that the mortgage was valid to secure the debts expressly mentioned. We think this claim well founded.

*By the Court.*— The judgment of the circuit court is affirmed.

LYON, J., took no part.

A motion for a rehearing was denied March 31, 1885.