No. 2033.

WATTERMAN, STAR & CO. *v.* G. SILBERBERG.

1. MORTGAGE—STATUTES CONSTRUED — ASSIGNMENTS.—The seventeenth section of the assignment law regulating general assignments recognizes the fact that mortgages, deeds of trust and other forms of lien given by a debtor will be valid notwithstanding the existence of the assignment law, if under the general rules applicable to such instruments they are not, in legal contemplation, fraudulent.

2. SAME—PREFERENCE TO CREDITORS.—That the effect of such instruments is to give preferences to one or more creditors over others has never been held to make them fraudulent, unless under the provisions of a bankrupt or similar law they are to be so held.

3. STATUTES CONSTRUED—FRAUDULENT CONVEYANCES.—The Act of March 24, 1879, regulating assignments, did not repeal the Act concerning fraudulent conveyances; and instruments giving preferences to particular creditors, which are not general assignments, are not invalid unless made

under such circumstances as would invalidate them under the statutes concerning fraudulent conveyances.

4. MORTGAGES.—An instrument which from its terms shows that it was intended as security for a debt, or debts, is to be deemed a mortgage, or in the nature of a mortgage, although it may give power to a creditor, or even to a third person, to sell the thing mortgaged, and to apply the proceeds to the debt or debts secured.

5. SAME.—When the leading object of the instrument is to give security to a creditor or creditors, the debtor making it will have the right at any time before the property is sold to avoid it and reclaim the property by paying the debts. Even when such a mortgage is construed to pass the legal title, a condition of defeasance will be implied if not expressed.

6. MORTGAGE.—A conveyance of personal property made by a creditor to a debtor, with power to sell the property and pay the debt, with a reservation to the creditor of such portion of the property as may not be required to pay the debt, is a mortgage. When a like conveyance is made to a creditor, who is also the debtor's surety on other debts, for the purpose of paying debts including those due the creditor, and those for which he is surety, the instrument is a mortgage, and it can not be said in such a case that the surety holding the mortgage is a trustee for the creditor. (Stiles v. Hill, Fontaine & Co., 62 Texas, 429; Leitch v. Hollister, 4 Comstock; Henshaw v. Sumner, 23 Pick., 431, and other cases cited in the opinion, followed.)

7. SAME—ASSIGNMENT FOR CREDITORS.—An instrument of the character last described, being essentially a chattel mortgage, the property conveyed would be subject to a proper levy of a writ of attachment at the suit of third parties, but could not be taken from the possession of the mortgagee. If the property were held under legal assignment, which divests the assignor of all interest, legal or equitable, in the assigned property, and vests title in the assignee for the benefit of all the creditors, no creditor could obtain by attachment a preference over the others.

APPEAL from Red River. Tried below before the Hon D. H. Scott.

*E. S. Chambers,* for appellants.

*M. L. Sims* and *McDonald & Moore,* for appellee.

STAYTON, ASSOCIATE JUSTICE. It appears that Sam Marks, on October 27, 1885, was indebted to a large number of persons, and that George Silberberg was security for the most of this indebtedness. On that day Marks executed an instrument which acknowledged his indebtedness to several persons and firms, who held debts for which Silberberg was security, whereby he declared that he sold and conveyed a stock of goods, accurately described, to Silberberg.

The instrument empowered Silberberg to sell the goods and to apply the proceeds to the payment of enumerated debts, one due to Silberberg and the others debts for which he was security, and to the payment of the expenses of selling the goods, and it declared that "when a sufficient amount or quantity of said goods are sold to pay off and discharge said expenses and said claims and interest as specified, then the remainder of said goods to be returned to me or my order."

The instrument also contains this clause: "This conveyance and delivery of said goods, wares and merchandise is intended as a mortgage to secure the payment of the claims herein named." The indebtedness of Marks at that time amounted to fifteen thousand dollars, the goods conveyed were of the value of twelve thousand dollars, and the claims, ten in number, enumerated and particularly described in the instrument, amounted to ten thousand six hundred and thirty-eight dollars and forty-three cents, besides some interest then due.

The debts enumerated in the instrument are admitted to have been justly due from Marks to the persons named as creditors. Marks had no other property than that described in the instrument, except accounts amounting to about nine hundred dollars, which, in some way, were also conveyed to Silberberg. The goods were delivered to Silberberg and the instrument filed in the office of the county clerk, as chattel mortgages are required to be filed; and afterward, while Silberberg was in possession, the appellants caused a writ of attachment to be levied on a part of the goods, amounting in value to one thousand five hundred and seventeen dollars. That attachment issued in a suit instituted by appellants against Marks, for a debt of nine hundred and eighty-seven dollars and twenty-seven cents, admitted to be justly due. A part of the indebtedness, which the instrument executed by Marks was given to secure, consisted of a debt due by him to Silberberg amounting to two thousand seven hundred and eighteen dollars and fifty cents. After the writ of attachment was levied, Silberberg made claim under the statute, and the court below, upon an agreed case, entered judgment in his favor, from which this appeal is prosecuted; and it is agreed if the instrument executed by Marks is a valid chattel mortgage, then the judgment is correct, otherwise erroneous.

By this agreement we understand to be meant that the judgment is to be affirmed, if the instrument is in effect a mortgage. There is no fact shown which would invalidate the instrument,

unless it be that it contravenes the provision of the law regulating general assignments, which provides that "any attempted preference of one creditor or creditors of such assignor shall be deemed fraudulent and without effect."

This section of the Act evidently refers to preferences attempted to be given in assignments made under the Act. If in such an assignment preferences be attempted, this would not invalidate the entire instrument, but the attempt to give preference would be held and deemed of no effect, and the instrument would be deemed valid, and would be enforced as though no attempt to give preferences had been made; the property would pass to the assignee, creditors could enforce the trust created by it, and the property would not be subject to attachment at the suit of a dissatisfied creditor.

The instrument before us does not purport to be a general assignment, in that it does not purport to be an assignment of all of Marks's property, nor an assignment for the benefit of all his creditors.

The seventeenth section of the law regulating general assignments recognizes the fact that mortgages, deeds of trust and other forms of lien, given by a debtor, will be valid, notwithstanding the existence of the assignment law, if, under the general rules applicable to such instruments, they are not in legal contemplation fraudulent. That the effect of such instruments is to give preferences to one or more creditors over others has never been held to make them fraudulent, unless under the provisions of a bankrupt or other similar law they are to be so held.

In La Belle v. Tidball, Van Zandt & Co., 59 Texas, 292, it was held that the Act of twenty-fourth March, 1879, regulating assignments, did not repeal the Act concerning fraudulent conveyances, and that preferences given by instruments other than such as evidenced an intention to make a general assignment, were not invalid, unless made under such circumstances as would invalidate them under the statutes concerning fraudulent conveyances.

An instrument which, upon its face, shows that it was intended as a security for a debt or debts, is to be deemed a mortgage or an instrument in the nature of a mortgage, although it may give power to a creditor, creditors, or even a third person, to sell the thing mortgaged and to apply the proceeds to the debt or debts secured.

---

---

When it appears that the leading purpose of the instrument is to give security to the creditor or creditors, the debtor making it will be deemed to have the right, at any time before the property is sold, to avoid it by paying the debt or debts secured.

In such case, even where a mortgage is held to pass the legal title to the thing mortgaged, a condition of defeasance will be implied if it be not expressed. When such condition is expressed, or may be implied, the instrument must be held to be a mortgage, or in the nature of a mortgage.

It is very generally held that a conveyance of personal property by a debtor to a creditor, containing a power to sell the property and pay the debt, with an express or implied reservation to the former of any part of the property not required to be sold to pay the debt, is in effect a mortgage.

This was held in Stiles v. Hill, Fontaine & Co., 62 Texas, 429, and is in accordance with the great weight of authority; Leitch v. Hollister, 4 Comstock, 211; Dunham v. Whitehead, 21 New York, 132; Smith v. Beattie, 31 New York, 544; Davidson v. King, 47 Indiana, 372; Gage v. Chesbro, 49 Wisconsin, 490; Jones on Chattel Mortgages, 352; Farwell v. Howard, 26 Iowa, 384; Davis & Co. v. Gibbon, 24 Iowa, 263; Parcell v. Thayer, 39 Michigan, 468.

In Jackson v. Harby, 65 Texas, 714, it appeared that two debtors conveyed to two creditors a stock of goods, and that in the conveyance they gave to two other persons the power to take possession of the goods, sell them, and apply the proceeds to the payment of the debts, and it was claimed that the conveyance was an assignment, but it was held that the conveyance was in the nature of a chattel mortgage.

It has also been held in a great many cases that a conveyance made by a debtor to a creditor, who is also a surety or indorser for the debtor, which gives power to such a creditor and surety to sell the property conveyed, so far as may be necessary, and to pay from the proceeds of such sale the debt due to himself as well as those for which he is a surety, is but a mortgage. The following are cases of that kind: Gage v. Chesbro, 49 Wisconsin, 486; Dana v. Stanfords & Deitz, 10 California, 274; Peck v. Merrill, 26 Vermont, 686; Bates v. Coe, 10 Connecticut, 292; Barker v. Hall, 13 New Hampshire, 298; Chapman v. Hunt, 14 New Jersey Chancery, 151; Henshaw v. Sumner, 23 Pickering, 451. In some of these cases the mortgage conveyed all the property owned by the mortgagor.

In such cases the leading purpose is to give security to the mortgagee for the debt due to him, and at the same time to give security to him against his liability as surety for the mortgagor, and to furnish him a fund out of which he may satisfy the debts for which he is liable.

A debtor may give a mortgage as indemnity to his surety, as may he to a debtor, and while such a mortgage may inure to the creditor, it can not be said that in such case the surety holding the mortgage is a trustee for the creditor.

He has not the legal or equitable title to the thing mortgaged which is essential to an assignment, but is a mere lien holder, and the conveyance to him interposes no obstacle to the right of creditors of the mortgagor to have the thing mortgaged subjected to the payment of their claims, subject to the lien given by the mortgage.

The cases which we have cited above are mostly cases in which mortgages were claimed to be void on the ground that they were practically assignments, or in contravention of statutes providing for the assignment of all a debtor's property for the benefit of all his creditors.

The following rule is laid down by an elementary writer of recognized ability: "It is not essential to the validity of a mortgage that it be wholly for the benefit of the mortgagee. It is not objectionable that it secures a debt due him and a debt due another, so that the mortgagee holds the mortgage partly in trust for the benefit of a third person, such a trust does not give it the character of an assignment within the act requiring assignments to comprehend all the property of the debtor and to be without preferences." (Jones on Chattel Mortgages, 355.) There are cases sustaining this view: Chapman v. Hunt, 14 New Jersey Chancery, 152. In some cases this rule has been applied to mortgages executed to one or more persons as trustees for the benefit of a large number of creditors. (National Bank v. Sprague et al., 40 N. J. Eq., 28; Lawrence v. Neff, 41 Cal., 568.

These cases were considered, under the claim that the instruments were conveyances which created trusts, and that they were void because in contravention of the laws of the States in which the cases were tried regulating general assignments for the benefit of creditors.

These cases go further than it is necessary to go in this case in holding the instrument in controversy to be a valid chattel mortgage. But we see no valid objection to the rule; for whether the

mortgage be to one to secure a debt due to himself, or to one as a security for debts due to himself and to many other persons, the principle upon which the mortgage is sustained is the same. In either case the mortgage is but a security, whether the mortgagee be given power to sell the mortgaged property or not, and it interposes no obstacle to the sale of the debtor's interest in the mortgaged property through proper process issued under a judgment against the mortgagor in favor of an unsecured creditor.

An assignment divests the assignor of any interest, legal or equitable, in the assigned property, and he can reacquire title to it only through such means as may be requisite to an original acquisition of title.

Under the statutes of this State, if not under the statutes in force in all the States, regulating assignments by insolvent debtors for the benefit of their creditors, it is never contemplated that in any event will an assignor have the right to defeat a conveyance made by him to an assignee, in trust for all his creditors.

That the legal and equitable title to the assigned property rests in the assignee, in trust for all creditors, is the foundation of the rule which denies to one creditor the right, by the levy of a writ of attachment or execution or otherwise, to obtain a right to a preference over other creditors.

The instrument in controversy was essentially a chattel mortgage, and the property would have been subject to a proper levy of appellants' writ, but they had no right to take it from the possession of the mortgagee.

No question arises as to what would have been the effect of the mortgage had Marks subsequently made a general assignment under the statute.

The agreement of the parties is, that the judgment shall be affirmed if the instrument be deemed a chattel mortgage; and is probably based upon the fact that the mortgaged property will not be more than sufficient to pay the debts secured by it; and hence no benefit would result to the appellants by a sale under their levy.

Holding as we do, that the instrument is in effect a chattel mortgage, the judgment, in accordance with the agreement of the parties, will be affirmed.

*Affirmed.*

Opinion delivered December 7, 1886.

[Associate Justice Gaines did not sit in this case.]