No. 2323.

## G. L. SCOTT ET AL. *v.* LOCK MCDANIEL.

1. MORTGAGE—PREFERRED CREDITORS.—An instrument executed by a failing debtor in good faith, with an honest purpose to provide for the payment of designated debts which is, on its face, a mortgage with a power of sale, is not invalid because of the interest that might possibly remain to the mortgagor after the payment of the enumerated debts; such interest, if any, could be reached by unsecured creditors through proper process. Nor is such an instrument forbidden by the eighteenth section of the Act regulating assignments; that section has reference only to assignments made under the Act. In such an instrument a clause of defeasance is not necessary, but will be implied from the character of the instrument itself.

2. CASES FOLLOWED—Stiles v. Hill, Fontaine & Co., 62 Texas, 430, and Jackson v. Harby, 63 Texas, 506, followed.

3. UNSECURED CREDITORS—ATTACHMENT.—Creditors not secured by a conveyance in the nature of a mortgage made by a debtor to secure preferred claims, may reach any residuary interest the debtor may have in the property conveyed by appropriate process; but when by the terms of the instrument the trustee is entitled to possession of the property conveyed, it can not be taken from him by levy of attachment or other writ, on the application of unsecured creditors.

APPEAL from Grimes. Tried below before the Hon. Norman G. Kittrell.

*Robert G. Street,* for appellant, on his proposition that the instrument was void:

1. As in contravention of the statute of frauds, and of fraudulent conveyance.

2. As in contravention of the statute regulating assignments for the benefit of creditors.

3. It contained no lien because lacking a condition of defeasance, and the retention of the equity of redemption was inconsistent with its terms and impossible with its operation, cited

Jones on Mortgage, sections 69, 241. That it was, at most, a power coupled with an interest in the proceeds to be produced by the sale of the thing, that is, by the exercise of the power, and not a power coupled with an interest in the thing itself, he cited Mervin v. Murphy, 35 Texas, 787; Hunt v. Rousmanier's Heirs, 2 Mason, 244; 3 Mason, 294; 8 Wheaton, 174; 1 Peters, 1; Bergen v. Bennett, 1 Cairnes's Cases, 6; Eyre v. Countess of Shaftsbury, 2 P. Williams, 120.

That it was void because in contravention of the Act in relation to assignments for the benefit of creditors, he cited National Bank v. Lovenberg, 63 Texas, 506; Bartlett et al. v. Teak, 1 Federal Reporter, 768.

*H. H. Boone,* for appellee, cited Crow v. Red River County Bank, 52 Texas, 369; Stiles v. Hill, Fontaine & Co., 62 Texas, 429; LaBelle W. W. v. Tindall, Van Zandt & Co, 59 Texas, 291; Greenleve v. Block & Co. v. Blum, 59 Texas, 126; National Bank v. Lovenberg, 63 Texas, 508.

Stayton, Associate Justice. Wheat and Thompson conveyed to the appellee property in trust to sell and pay off debts enumerated in the instrument by which the conveyance was made. That the debts were just and the entire transaction in good faith is not questioned. It is claimed that it was in contravention of the statute in relation to fraudulent conveyances. There is nothing on the face of the instrument from which it can be so held, nor do the facts indicate that it was executed for a purpose that would invalidate it under the statute.

It was executed by persons unable to pay their debts, and gave preference to creditors named, but the right of even an insolvent debtor to do this has always been recognized, in the absence of legislation forbidding it. The property conveyed was evidently not of sufficient value to pay the debts which it undertook to provide for, and there is not the slightest evidence tending to show any agreement or understanding that the debtors were to receive any benefit under it other than such as results from the payment of their debts.

It is urged that the conveyance was in contravention of the statutes regulating assignments. The instrument is in effect a mortgage with power of sale, and not an assignment; and any interest that might by any possibility remain after the payment of the enumerated debts would be subject to the claims of other

creditors, and might be reached by them through any appropriate process. In such an instrument a claim of defeasance is not necessary, but would be implied from the character of the instrument itself. The only ground on which it could be claimed, with any degree of plausibility, that such instruments are forbidden by the Act regulating assignments by insolvent debtors, is that this Act declares preferences void.

That provision of the statute was considered in LaBelle W. W., v. Tidball, Van Zandt & Co., 59 Texas, 292, in which it was held that the eighteenth section of that act had reference only to assignments made under it; and, further, that preferences given through instruments other than such instruments as the act contemplates, are valid, unless in contravention of the act concerning fraudulent conveyances. The questions presented in this case have been considered in several cases recently: Stiles v. Hill, Fontaine & Company, 62 Texas, 430; Jackson v. Harby, 65 Texas, 713; Bank v. Lovenberg, 63 Texas, 506; Waterman v. Silberberg, ante, 100.

The appellee was entitled to the possession of the property which the appellants seized or caused to be seized and sold, and for the violation of that right was entitled to recover. In case of an assignment under the statute, no creditor has the right, through any kind of process, to seize the assigned estate and take it out of the hands of an assignee, but must take under it, or be content to reach any estate that may not be properly paid to creditors, through a writ of garnishment, or in some method recognized as proper, should any funds belonging to the estate be paid into court at the close of the assignee's administration.

In case, however, of a conveyance, in the nature of a mortgage, to a trustee with power to sell, whatever residuary interest the debtor may have is subject to the claims of creditors not protected by it, and this they may reach by any lawful process; but when, by the terms of the instrument, the trustee is entitled to possession, it can not be taken from him upon the levy of an attachment or other writ. (Rev. Stats., arts. 2292, 2296, 167.)

There is no error in the judgment, and it will be affirmed.

*Affirmed.*

Opinion delivered February 4, 1887.