248   VERNER *v.* McGHEE.

Syllabus.         [26 S. C.

---

VERNER v. McGHEE.

1. A finding of fact by the Circuit Judge, overruling the master, affirmed, it not being clearly against the weight of evidence.

2. The assignment act of 1882 (17 *Stat.*, 847, *Gen. Stat.*, ? 2014) has no application unless there is either an actual assignment, or a state of facts fully proved or admitted, which, in conscience and equity, are tantamount to an assignment with unlawful preferences.

3. Where a party in good faith and for full value purchased the stock of goods of a merchant, who proved to be insolvent at the time, and the

purchaser made payment in part with a debt due to him by the seller, the transaction was not a fraudulent violation by the purchaser of the statutes of Elizabeth or the assignment act.
4. The decision in *Wilks* v. *Walker*, 22 *S. C.*, 110, and in *Austin, Nichols & Co.* v. *Morris*, 23 *Id.*, 406, stated.

Before KERSHAW, J., Greenville, July, 1886.

The opinion fully states the case.

*Messrs. Perry, Perry & Heyward*, for appellant, cited *Gen. Stat.*, §§ 2014, 2015; 22 *S. C.*, 108; 23 *Id.*, 393; *Bail. Eq.*, 236; 16 *Wall.*, 277, 577, 584; 13 *Id.*, 40; *Bump Bank.* (10th edit.), 810, 829, *et seq.*

*Messrs. W. L. Wait* and *Wells & Orr*, contra.

March 11, 1887.   The opinion of the court was delivered by
MR. JUSTICE McGOWAN.   It appears that in 1883, John A. Garrison & Brother were engaged in the mercantile business in Greenville, and, for their small means, owed a considerable number of debts.   Among others, they were indebted to one James M. McGhee in the sum of $554, and in November of that year they sold their whole stock of goods to the said McGhee for $1,070.11, which was a reasonably full and fair price, and in paying for the goods, the debt to McGhee was taken as so much cash, the remainder being paid to the order of Garrison & Bro. Several of the other creditors sued and obtained judgments against Garrison & Bro., and in supplementary proceedings against them, the plaintiff, David P. Verner, was appointed receiver and in that capacity instituted these proceedings, to set aside the aforesaid sale and for an account of the goods sold as aforesaid.

It was referred to J. R. Bellinger, Esq., as special referee, who took the testimony and reported that McGhee was guilty of no actual fraud in the purchase of the goods, and that the sale was good both at common law and under the statutes of Elizabeth; but that at the time of the sale Garrison & Bro. were insolvent, and McGhee had notice of facts sufficient to put him on enquiry

as to their insolvency, and, therefore, the sale amounted to an assignment, and gave him a preference *quoad* his debt, and to that extent should be set aside under section 2014, General Statutes. Upon exceptions to this report, Judge Kershaw found that the evidence did not authorize "the finding that the defendant, McGhee, had knowledge of facts which made it his duty to enquire into the solvency of Garrison & Bro. at the time of his purchase. Consequently there is nothing in the case to charge McGhee with knowledge of their insolvency. So far as he is concerned, the transaction was *bona fide* and the sale made for value, and not in fraud of the statutes of Elizabeth or of the assignment act," &c., and dismissed the complaint.

The plaintiff, for the benefit of the judgment creditors, appeals to this court upon the following grounds : "I. That his honor erred in holding that the defendant, McGhee, had not sufficient knowledge of facts to make it his duty to enquire into the solvency of Garrison & Bro. II. That his honor erred in not holding that the transaction between McGhee and Garrison was fraudulent and void under both the statutes of Elizabeth and the assignment act. III. That his honor erred in not holding that the plaintiff is entitled to judgment against all the defendants for the full value of the stock of goods, with costs."

The Circuit Judge held that McGhee, the purchaser, had no notice of facts which made it his duty to enquire into the condition of Garrison & Bro., and that the purchase, being made *bona fide* for full value, was not in fraud of the statutes of Elizabeth or of the assignment act. The finding of the court below must be taken to be *prima facie* correct, and, in reference to a question of fact, will not be disturbed unless it is clearly against the weight of evidence. We have carefully looked through the testimony in the case, and we are not so clear upon the subject as to authorize us to say that the conclusions of the judge were erroneous.

As we conceive, the assignment act has no application, unless there is either an actual assignment or a state of facts fully proved or admitted, which, in conscience and equity, are tantamount to an assignment with unlawful preference. We do not understand that this case is analogous either to that of *Wilks* v. *Walker*, 22 *S. C.*, 110, or to that of *Austin, Nichols & Co.* v. *Morris*, 23

*Id.*, 406. In the former case of *Walker*, the question came up upon a demurrer which admitted the facts stated in the complaint that these transactions (mortgage, sale, &c.) "were had and made in pursuance of an original design and intent of the said Kitchens and Wilks, determined on by them in the beginning, to transfer and assign all the property of Kitchens, subject to execution for debt, to Wilks for the benefit of the said Wilks and the estate of Robert Patterson, to the exclusion of all the other creditors of the said Addison F. Kitchens." In the case of *Morris*, the Circuit Judge found as a matter of fact, that "the mortgages were to mature at a very short day, less than a month. He knew he could not redeem, and did not intend to try to do so, but *intended* that a sale should take place, and before the maturity of the notes consented in writing that a sale should be made soon after maturity, and without the usual time of advertisement. He further knew that he could not effect his purpose by a formal assignment, *and deliberately set himself to work to evade the statute* by mortgages at short time of maturity. In these transactions he violated section 2014 of the General Statutes and the conveyances cannot stand," &c. It is apparent that the case before us is very different from either of these.

The judgment of this court is, that the judgment of the Circuit Court be affirmed.