WOONSOCKET RUBBER Co. and others *v.* FALLEY and others.

*(Circuit Court, D. Indiana. March, 1887.)*

ASSIGNMENT FOR BENEFIT OF CREDITORS—PREFERENCES—INSOLVENCY.

In Indiana, notwithstanding Rev. St. 1881, § 2662, providing that thereafter all assignments made by debtors in embarrassed or failing circumstances, except general assignments of all their property, in trust, for the benefit of all their *bona fide* creditors, should be deemed fraudulent and void, such debtors may still prefer their creditors by confession of judgment, or by selling, mortgaging, or pledging their property; but an assignment by a partnership of all the firm assets, preferring certain creditors, is neither a sale, a mortgage, nor a sale in the nature of a mortgage, and, at the suit of an unpreferred creditor, will be declared to be an assignment for the equal benefit of all creditors.[1]

In Equity.

*De Witt Wallace, Harris & Calkins,* and *Wm. J. Manning,* for complainants.

*Coffroth & Stuart, H. W. Chase,* and *Mr. Adams,* for defendants.

GRESHAM, J. On the third day of January, 1887, Joseph D. Falley and William F. Hoes, partners in business as manufacturers of boots and shoes at La Fayette, Indiana, under the firm name of Falley & Hoes, executed a written instrument, whereby they bargained, sold, transferred, and assigned to James B. Falley, in trust, all their partnership property, of every kind, including choses in action, for the benefit of specified creditors. After specifically describing the property, and the debts to be paid out of its proceeds, the instrument declares that—

"This sale and transfer is made upon the conditions following; that is to say: The said James B. Falley shall take immediate possession of the property hereby transferred, and proceed to the collection of the notes and accounts aforesaid, and shall proceed to convert said property into cash by sale or otherwise, and, if he shall deem best, manufacture the said material on hand into boots and shoes, and then sell the same. The said James B. Falley shall sell and dispose of the said property hereby transferred in such manner as to him shall be deemed most advantageous to the trust hereby created, and the said James B. Falley shall apply the proceeds arising from the collection of said notes and accounts, and from the sale of said property—*First,* to the payment of the expenses attending the execution of the trust hereby created; *second,* to the payment and discharge of the indebtedness hereinbefore enumerated, upon which the said James B. Falley & Co. are liable as surety; and, *third,* to the *pro rata* payment and discharge of the other indebtedness of the said Falley & Hoes hereinbefore enumerated. In the event of any surplus remaining in the hands of the said James B. Falley, either of money or property, after the payment of said indebtedness, the same shall be paid or turned over to the said firm of Falley & Hoes."

This suit is brought by part of the creditors, not preferred, against Falley & Hoes, the assignee, and the preferred creditors.

The firm was insolvent. The preferred debts amounted to $73,000, and the unpreferred debts to $100,000 or more. The bill prays for a

[1] See note at end of case.

decree declaring that the assignment inured to the benefit of all creditors of the firm under the assignment laws of Indiana, and that the trust be executed, and the property or its proceeds distributed ratably among all creditors; or, if the court shall hold that the instrument cannot be so treated, that it be declared void as a hindrance and delay to creditors; that a receiver be appointed to take possession and control of the property; and for such other relief as is consistent with equity. Although the deed does not in terms convey all the firm assets, the proof shows that it does; and obviously it was not the intention that all the creditors should share ratably in the proceeds of the assets.

The first question that arises is, can the deed be treated as a general assignment under the statute, for the benefit of all the firm creditors, when, in fact, it was intended to be for the benefit of only part of them?

The legislature of Indiana passed a general assignment law in 1859, the first section of which reads:

"Any debtor or debtors in embarrassed or failing circumstances may make a general assignment of all his or their property, in trust, for the benefit of all his or their *bona fide* creditors, and all assignments hereafter made by such person or persons for such purposes, except as provided for in this act, shall be deemed fraudulent and void." Rev. St. § 2662.

This statute is the only restriction upon the common-law right of an insolvent debtor in Indiana to prefer one or more creditors to the exclusion of all others. Creditors may still be preferred in this state by confession of judgment, or by selling, mortgaging, or pledging property. An assignment, however, by which a debtor vests in a trustee all his property for the benefit of all or only part of his creditors, is neither a sale, a mortgage, nor a sale in the nature of a mortgage. Such an instrument absolutely appropriates the property thus conveyed, beyond the control of the debtor, to the payment of his debts. No title, legal or equitable, remains in him; and the trustee is required to preserve the property, and administer upon it under the direction of the court. It is so far in the custody of the law that executions cannot be levied upon it, as in the case of mortgaged property. *Grubbs* v. *Morris*, 103 Ind. 166, 2 N. E. Rep. 579; *State* v. *Benoist*, 37 Mo. 500; *Crow* v. *Beardsley*, 68 Mo. 435; Burrill, Assignm. § 6.

Falley & Hoes assigned all their firm property to a trustee for the satisfaction of part of their debts in full. This was in violation of the spirit and purpose of the statute. It was to prevent insolvent debtors from assigning their property, in whole or in part, to trustees other than for the equal benefit of all creditors, that the statute was passed. If a failing debtor may assign to a trustee all his property for the benefit of one or more creditors, to the exclusion of all others, and then quit business, the statute has little, if any, practical force.

In *Thompson* v. *Parker*, 83 Ind. 96, the third paragraph of the complaint averred that the Parkers, an insolvent firm, conveyed their property to Kent by a deed absolute on its face, but with a secret agreement that he should sell the property, and apply the proceeds to satisfy creditors, and pay the surplus back to the Parkers, which was a fraud upon

the plaintiffs, who were also creditors. In sustaining this paragraph, the court say:

"From the facts stated in the third paragraph of the complaint, the conclusion is inevitable that Kent took the title to the property of the Parkers as a purchaser, not for his own benefit, but in trust to pay out of its proceeds some of their creditors, and return to them the surplus, if any. It is not stated in this paragraph that the Parkers were indebted to Kent, and the only consideration for the transfer of the property was his agreement to pay some of their creditors to the exclusion of others, and return to them, after remunerating himself for his trouble, the surplus. Upon the facts stated, he cannot be regarded as a purchaser in his own right. Equity would regard him, under the circumstances, as a trustee, holding for the benefit of the creditors named in the agreement as the parties to be paid. But the purpose being to prefer by this voluntary assignment a portion of the assignors' creditors to the exclusion of others, the transaction, under the act of 1859, must be held fraudulent and void."

It was squarely held in this case that a conveyance by an insolvent debtor of property, in trust, for the benefit of only part of his creditors, was within the statute, and in violation of its provisions; and, although the case was criticised in *Grubbs* v. *Morris, supra,* it was not expressly overruled.

*Dessar* v. *Field,* 99 Ind. 548, is relied on as authority that the instrument in controversy is a sale, or a sale in the nature of a mortgage. It was held in that case that an insolvent debtor may prefer a creditor, by selling to him all his property; and in other cases the same court has held that if a creditor secures a lien by a mortgage, a judgment, or by execution, on real or personal property before an assignment is made, such lien will be protected. In *Grubbs* v. *Morris, supra,* the court say:

"When a debtor in failing circumstances makes an assignment for the benefit of all his creditors, he cannot prefer one or more creditors, but must place all of them on an equality. * * * The statute is undoubtedly intended to secure an equal distribution of the debtor's property among all his creditors."

Some of the cases cited by counsel for the defendants grew out of transactions or assignments prior to the statute of 1859, and therefore have no bearing upon the present controversy.

In *Henderson* v. *Pierce,* 9 N. E. Rep. 449, a debtor in embarrassed and failing circumstances made an assignment of all his property to a trustee for the benefit of all his creditors, with directions, however, that part of his creditors be first paid in full. After construing this instrument as an assignment within the meaning of the statute the court say:

"When it is apparent from the whole scope and tenor of a deed of assignment that a debtor in embarrassed and failing circumstances, in good faith, intends to resort to the assignment law, and has, in pursuance of such purpose, made an assignment of all his property for the benefit of all his creditors, but in carrying out such purpose has introduced into the deed requirements which, while not in conflict with some express provisions of law, and do not require that such provision of the law be disregarded, are nevertheless constructively invalid, such assignment, if not actually fraudulent, will stand, while the invalid requirements or stipulations will be nullified, and controlled by operation of the statute governing voluntary assignments."

Under a statute in Missouri, substantially like the Indiana statute, the supreme court of the former state, in the cases already cited, held that if an embarrassed or failing debtor conveyed or assigned his property in trust for the benefit of only part of his creditors, the instrument should be construed, under the statute, to be an assignment of his entire estate for the equal benefit of all his creditors; and decisions of the circuit court of the United States in the Sixth circuit are in harmony with this ruling. *Martin* v. *Hausman*, 14 Fed. Rep. 160; *Dahlman* v. *Jacobs*, 16 Fed. Rep. 614; *Kellog* v. *Richardson*, 19 Fed. Rep. 70; *Clapp* v. *Dittman*, 21 Fed. Rep. 15; *Perry* v. *Corby*, Id. 737; *Kerbs* v. *Ewing*, 22 Fed. Rep. 693. These federal decisions, and the decisions of the Missouri court, are referred to in *Henderson* v. *Pierce, supra*, and commended, if not expressly approved.

Preferences by insolvent debtors in favor of one or more creditors, to the exclusion of all others, are not regarded with favor by courts of equity, and, in view of the latest utterances of the supreme court of Indiana, [*Gilbert* v. *Mc Corkle*, 11 N. E. Rep. 296,] I feel free to hold that the assignment by Falley & Hoes to J. B. Falley, although not so intended, was in legal effect, a voluntary assignment of all their property for the equal benefit of all their creditors, and that the deed of assignment can and should be enforced as such.

*NOTE.*

PREFERENCES IN ASSIGNMENTS FOR THE BENEFIT OF CREDITORS. An assignment containing legal preferences will not be held void as a fraudulent conveyance, and an intent to defraud creditors will not be presumed from such an assignment, Bates v. Simmons, (Wis.) 22 N. W. Rep. 335; and a declaration, at the time of the assignment, of an intention to file subsequently a list of preferred creditors, will be presumed to mean an intention to file within the statutory time a list of creditors to whom preference is permitted by law to be given; and, where such preferences are permitted, Conlee Lumber Co. v. Ripon Lumber Co., (Wis.) 29 N. W. Rep. 285, the fact that a chattel mortgage given to prefer certain creditors operates incidentally to hinder and delay other creditors in collecting their debts does not affect the security, Hills v. Stockwell, etc., Co., 23 Fed. Rep. 432. The same is true where the statute does not forbid preferences, but causes them to operate as general assignments on proper proceedings being taken. J. M. Atherton Co. v. Ives, 20 Fed Rep. 894. In the absence of legislation forbidding it, a debtor, if guiltless of any fraudulent intent, may convey his property so as to give one creditor a preference, by way of either payment or security, over another, Carter v. Rewey, (Wis.) 22 N. W. Rep. 129, even if he is in failing circumstances, Scott v. McDaniel, (Tex.) 3 S. W. Rep. 291.

In the absence of statutes forbidding preferences in assignments for the benefit of creditors, such preferences are valid, but they have been forbidden by statute in *California*, Wood v. Franks, 7 Pac. Rep. 50; *Colorado*, Doggett, B. & H. Co. v. Herman, 16 Fed. Rep. 812; Campbell v. Colorado C. & I. Co., 10 Pac. Rep. 248; *Illinois*, Schroder v. Walsh, 11 N. E. Rep. 70; May v. First Nat. Bank, 10 N. E. Rep. 202; *Indiana*, Gilbert v. McCorkle, 11 N. E. Rep. 296; Henderson v. Pierce, 9 N. E. Rep. 449; Redpath v. Tutewiler, Id. 911; Grubbs v. Morris, 2 N. E. Rep. 579; *Iowa*, Aulman v. Aulman, 32 N. W. Rep. 240; Van Patten v. Burr, 3 N. W. Rep. 524; Gage v. Parry, 29 N. W. Rep. 822; Farwell v. Jones, 19 N. W. Rep. 241; *Missouri*, Martin v. Hausman, 14 Fed. Rep. 160; *Nebraska*, Nelson v. Gary, 19 N. W. Rep. 630; Grimes v. Farrington, 26 N. W. Rep. 618; *Pennsylvania*, Gallagher's Appeal, 7 Atl. Rep. 237; Lake Shore Banking Co. v. Fuller, 1 Atl. Rep. 731; *Texas*, Waterman v. Silberberg, 2 S. W. Rep. 578; Fant v. Elsbury, Id. 866; *Wisconsin*, Bradley v. Kroft, 19 Fed. Rep. 295; and by implication in *Kansas*, Tootle v. Coldwell, 1 Pac. Rep. 329.

These statutes do not invalidate a transfer made in good faith in liquidation of a debt, or as a security therefor, by the debtor's not contemplating an assignment for the benefit of his creditors, even if he is insolvent, Bailey v. Johnson, (Colo.) 12 Pac. Rep. 209; Tootle v. Coldwell, (Kan.) 1 Pac. Rep. 329; Gilbert v. McCorkle, (Ind.) 11 N. E. Rep. 296; Schroder v. Walsh, (Ill.) Id. 70; Gage v. Parry, (Iowa) 29 N. W. Rep. 822; In

re Gazett, (Minn.) Id. 347; Rollins v. Van Baalen, (Mich.) 23 N. W. Rep. 332; Carter v. Rewey, (Wis.) 22 N. W. Rep. 129; Berry v. O'Connor, (Minn.) 21 N. W. Rep. 840; Martin v. Hausman, 14 Fed. Rep. 160; Moline Wagon Co. v. Rummell, Id. 155; Smith v. Craft, 12 Fed. Rep. 856; Scott v. McDaniel, (Tex.) 3 S. W. Rep. 291; Waterman v. Silberberg, (Tex.) 2 S. W. Rep. 578; Essex Co. v. Lindsley, (N. J.) 3 Atl. Rep. 391; and even if the creditor was aware that the preference would defeat the collection of other debts, Ross v. Sedgwick, (Cal.) 10 Pac. Rep. 400. Such transfers are valid if they are partial assignments, Campbell v. Colorado C. & I. Co., (Colo.) 10 Pac. Rep. 248; or if they do not include all the debtor's property, Carson v. Byers, (Iowa,) 25 N. W. Rep. 826; Cadwell's Bank v. Crittenden, (Iowa,) 23 N. W. Rep. 646. Even if such a transfer includes all the debtor's property, it is not necessarily a general assignment. Aulman v. Aulman, (Iowa,) 32 N. W. Rep. 241; Waterman v. Silberberg, (Tex.) 2 S. W. Rep. 578; Weil v. Polack, post, 813. The debt may not be due, Smith v. Craft, 12 Fed. Rep. 856; and the preference may be by a judgment, Rollins v. Van Baalen, (Mich.) 23 N. W. Rep. 332; Holberg v. Jaffray, (Miss.) 2 South. Rep. 168; a mortgage, Aulman v. Aulman, (Iowa,) 32 N. W. Rep. 241; Cadwell's Bank v. Crittenden, (Iowa,) 23 N. W. Rep. 646; Carson v. Byers, (Iowa,) 25 N. W. Rep. 826; Waterman v. Silberberg, (Tex.) 2 S. W. Rep. 578; Tootle v. Coldwell, (Kan.) 1 Pac. Rep. 329; Gage v. Parry, (Iowa,) 29 N. W. Rep. 822; Carter v. Rewey, (Wis.) 22 N. W. Rep. 129; Berry v. O'Connor, (Minn.) 21 N. W. Rep. 840; Martin v. Hausman, 14 Fed. Rep. 160; a deed, Scott v. McDaniel, (Tex.) 3 S. W. Rep. 291; a transfer of securities or choses in action, Gage v. Parry, (Iowa,) 29 N. W. Rep. 822; the sale of personal property, Essex Co. v. Lindsley, (N. J.) 3 Atl. Rep. 391; or the payment of money. It may be made by a husband to a wife. Hoes v. Boyer, (Ind.) 9 N. E. Rep. 427; Leonard v. Green, (Minn.) 24 N. W. Rep. 915. The creditor may take his pay in money or property. Fuller Electrical Co. v. Lewis, (N. Y.) 5 N. E. Rep. 437. But in case of sale the valuation must be fair. Edwards v. Dickson, (Tex.) 2 S. W. Rep. 718; The Holladay Case, 27 Fed. Rep. 830; Verner v. McGhee, (S. C.) 2 S. E. Rep. 113.

Even if the debtor is contemplating such an assignment, such a transfer, if unconnected in time and circumstances of execution from the assignment, is not invalid. Farrall v. Farnan, (Md.) 5 Atl. Rep. 622; Gilbert v. McCorkle, (Ind.) 11 N. E. Rep. 296; Fisher v. Syfers, (Ind.) 10 N. E. Rep. 306; Bierbower v. Polk, (Neb.) 22 N. W. Rep. 698. The preferred creditor may be the assignee of the assignment subsequently made. Nelson v. Gary, (Neb.) 19 N. W. Rep. 630. The interval of time separating the transactions may be "a few days," Sweetser v. Camp, (Mich.) 29 N. W. Rep. 506; or five days, Stix v. Sadler, (Ind.) 9 N. E. Rep. 905. The assignment may be made on the day following the preferential transfer, In re Guyer, (Iowa,) 29 N. W. Rep. 826; Gilbert v. McCorkle, (Ind.) 11 N. E. Rep. 296; Bailey v. Kansas Manuf'g Co., (Kan.) 3 Pac. Rep. 756; Lake Shore Banking Co. v. Fuller, (Pa.) 1 Atl. Rep. 731; or on the same day, Farwell v. Jones, (Iowa,) 19 N. W. Rep. 241; Nelson v. Gary, (Neb.) Id. 630; even within an hour, Gage v. Parry, (Iowa,) 29 N. W. Rep. 822. The fact that the debtor intended, by separating the transactions, to evade the statute forbidding preferences, will not render the preference a part of the assignment, the preferred creditor being ignorant of the debtor's purpose, Lake Shore Banking Co. v. Fuller, (Pa.) 1 Atl. Rep. 731; Appeal of Lake Shore Banking Co., Id. 735; nor will the fact the preference was made in execution of an agreement that, in case the debtor became embarrassed, he should secure the preferred creditor, In re Guyer, (Iowa,) 29 N. W. Rep. 826.

But such preferential transfers, even in cases where there are no assignments as such, will be held to be assignments for the benefit of creditors when such is the intention of the parties, either actual or presumed, from the character of the instrument, Bonns v. Carter, (Neb.) 31 N. W. Rep. 381; Martin v. Hausman, 14 Fed. Rep. 160; or the circumstances of the transaction, Winner v. Hoyt, (Wis.) 28 N. W. Rep. 380; and will be void against creditors if the statutory provisions for assignments for the benefit of creditors are not complied with, Bonns v. Carter, (Neb.) 31 N. W. Rep. 381.

In the same way, such transfers made in connection with an assignment for the benefit of creditors will be construed as a part of the assignment when the transactions are simultaneous, or so nearly so as to be parts of the same transaction, Doggett, B. & H. Co. v. Herman, 16 Fed. Rep. 812; Preston v. Spalding, (Ill.) 10 N. E. Rep. 903; and the purpose is to evade the statute, Campbell v. Colorado C. & I. Co., (Colo.) 10 Pac. Rep. 248; and, where such preferences in assignments are forbidden, such transfers will be void, Preston v. Spalding, (Ill.) 10 N. E. Rep. 903.

Where preferences are permitted, they will be set aside in cases of actual or presumed fraud, as where an insolvent corporation prefers its directors or managing agent, Lippincott v. Shaw Carriage Co., 25 Fed. Rep. 577; or where the preference was in execution of a secret agreement that the debtor should secure the preferred creditors to the exclusion of all others if he became insolvent, Smith v. Craft, 12 Fed. Rep. 856.

Such transfers, valid under the state law, but void under the bankrupt act, are voidable only in favor of proceedings in bankruptcy. Smith v. Deidrick, (Minn.) 14 N. W. Rep. 262.