E. F. DAVIS, PLAINTIFF IN ERROR, V. GEORGE R. SCOTT, DEFENDANT IN ERROR.

1. **Fraud:** INTENT A QUESTION OF FACT. The question of fraudulent intent is generally determined from the existence of other facts which tend to establish it. The question of the existence of facts showing a fraudulent intent are alone for the jury to determine and not for the court. *Hedman v. Anderson,* 6 Neb., 392.

2. ———: CHATTEL MORTGAGE. A chattel mortgage of a stock of goods containing a clause by which the mortgagor is given possession, with power of sale in the usual course of trade, the proceeds to go in satisfaction of the mortgage debt, although by our statute made presumptively fraudulent, is not conclusively so, and may, by satisfactory evidence, be shown to have been made in good faith. *Turner v. Killian,* 12 Id., 580.

3. **Assignment:** PREFERRED CREDITORS. A debtor has the right to prefer his creditors and to pay or secure those preferred. The execution of chattel mortgages to preferred creditors, if made in good faith to secure *bona fide* debts, even if made to a considerable number of such creditors at or about the same time—no trust being created—will not constitute an assignment for the benefit of creditors if not so intended.

ERROR to the district court for Gage county. Tried below before BROADY, J.

*J. E. Cobbey,* for plaintiff in error.

*Pemberton & Bush* and *Hazlett & Bates,* for defendant in error.

REESE, J.

This was an action in replevin instituted in the district court by defendant in error for the purpose of recovering the possession of a stock of goods formerly owned by R. N. Townsend & Co. A part of the alleged creditors of the firm obtained chattel mortgages on the goods on the

second day of August, 1886. These mortgages were filed in the office of the county clerk and soon thereafter the sheriff, who is plaintiff in error here, seized the mortgaged goods, as the property of R. N. Townsend & Co., for the satisfaction of certain writs of attachment held by him against the firm. The notes and mortgages were transferred to defendant in error and he instituted the suit for the possession of the property in dispute. The petition is in the usual form for declaring upon a special ownership. The answer consists of a general denial, substantially, and also the averments that the mortgages were given for the express purpose of cheating and defrauding the attaching creditors, denies that they were given for value, and pleads the writs of attachment by virtue of which the levies were made. A jury trial was had which resulted in a verdict in favor of defendant in error and judgment thereon.

Complaint is made that the court erred in giving the first instruction to the jury. It is as follows:

" The burden of proof is on the plaintiff to prove that the debts secured by the several chattel mortgages under which he claims were genuine and *bona fide*. This he has done. Yet there is another question in the case that the court submits to you and that is, whether the clause in the said mortgages providing that, 'the mortgagor has leave to continue to sell said goods in the usual course of trade for the sole purpose of raising money to pay this indebtedness, and the mortgagor agrees to account to the mortgagee for the proceeds of all such sales,' was made in good faith in each of said mortgages, and not for the purpose of defrauding creditors. If you find that said clause was made in good faith, find for plaintiff and assess his damages for the unlawful detention, which will be merely nominal, and return your verdict accordingly. If you find that said clause was in bad faith, or fail to find that it was in good faith, find for the defendant and assess his damages for the unlawful detention."

The objection to this instruction is to the first clause thereof, which tells the jury that the plaintiff had proven that the debts secured by the several chattel mortgages were genuine and *bona fide.* As we have seen, this question was one of the issues presented for trial by the issues in the case.

It is true that no witness testified upon the trial that the notes and mortgages were not "given for value," and were not "given for the purpose of cheating and defrauding" the creditors of the mortgagors, yet it is the opinion of the majority of the court that the whole question of the *bona fides* of the mortgages should have been submitted to the jury.

In *Hedman v. Anderson,* 6 Neb., 392, it is said by the present chief justice, in writing the opinion of the court, that, "The question of fraudulent intent is generally determined by the existence of other facts which tend to show it. In but few instances can it be shown by direct testimony, and must therefore be established by circumstantial evidence; but the question as to the existence of facts showing a fraudulent intent, are alone for the jury to determine, and not for the court. If, however, certain facts are *conceded* to exist, the question of their sufficiency to indicate a fraudulent intent becomes a question of law, which the court must determine. But the question of the credibility of the witnesses rests entirely with the jury."

While the writer is unable to detect anything in the evidence which tends to impeach the *bona fides* of the debts secured by the chattel mortgages, yet it is quite probable that, under the issues presented, the whole question of fact should have been submitted to the jury for their determination.

It is contended by plaintiff in error that the court erred in admitting in evidence the notes and mortgages upon which the claim of defendant in error was based, for the reason that the mortgages contained a condition that the

mortgagor should remain in possession of the mortgaged property, with power of sale in the usual course of trade, the proceeds to go in satisfaction of the mortgage debt, and they were therefore void. We do not think the court erred in this respect. While the legal presumptions are against the *bona fides* of such mortgages, they are not conclusively so, and it may be shown by competent evidence that they were in fact made in good faith, and without fraudulent intent. *Turner, Frazier & Co. v. Killian,* 12 Neb., 580.

It is next urged that the trial court erred in refusing to give an instruction asked by plaintiff in error, to the effect that the mortgages introduced by Townsend & Co. to various creditors, and upon which defendant in error relied as the basis of his alleged right to the possession of the property in dispute, were in law an assignment for the benefit of creditors, and therefore void. There was no error in refusing to give this instruction. The mortgages were executed directly to the several creditors, individually, for the purpose of securing their alleged demands. No trust was thereby created. The debtor had the right to prefer creditors, and pay or secure them if he so desired. If done in good faith, to secure *bona fide* debts, they were simply mortgages. *Gage v. Parry,* 69 Iowa, 605.

For the reason that the trial court erred in giving the instruction above quoted, the judgment is reversed and the cause remanded for further proceedings in accordance with law.

REVERSED AND REMANDED.

THE other judges concur.