## E. F. Davis v. George R. Scott.

[Filed October 16, 1889.]

**Insolvency:** Preferences: Chattel Mortgage: Attachment. A debtor in failing circumstances gave his promissory notes to certain creditors and a chattel mortgage upon all his goods to secure the same. On the next day the sheriff levied certain attachments upon the goods thus mortgaged and took possession. An assignee of the mortgagee thereupon brought an action of replevin and recovered possession of the property. The trial court having found in favor of the mortgagee, *held*, that as the evidence established the good faith of the transaction, and the lien of the mortgage being prior to the attachments, the assignee was entitled to the possession of the property; at least until his claim was satisfied.

Error to the district court for Gage county. Tried below before Broady, J.

*J. E. Cobbey*, for plaintiff in error:

The burden was on plaintiff below to show the good faith of the transaction. (*Fitzgerald v. Meyers*, 25 Neb., 77.) "There are no preponderating equities in favor of either party" and the lien of the mortgages does not attach until delivery, which does not take place until acceptance. (*Bank v. Morse*, 73 Ia., 174.) The attachment was an equitable lien covering the surplus, to which mortgagees had no right. (*Lininger v. Herron*, 18 Neb., 450; 23 Id., 97.)

*Hazlett & Bates*, and *Pemberton & Bush*, for defendant in error:

Every point made by plaintiff in error was decided against him on the former hearing. The *bona fides* of mortgage and indebtedness was a question of fact which the court below passed upon. The surplus was applied to satisfy the claims of parties who had garnished the mortgagees.

MAXWELL, J.

This case was before this court in 1887, the judgment of the district court being reversed because of an erroneous instruction and the cause remanded for further proceedings. (*Davis v. Scott,* 22 Neb., 154.) On the second trial a jury was waived and the cause submitted to the court on the evidence in the former bill of exceptions. The court found for the defendant and rendered judgment accordingly.

The facts briefly are these: The firm of R. N. Townsend & Co., being pressed by certain creditors represented by the plaintiff, undertook to defeat such creditors by preferring other creditors, and accordingly gave the latter seven notes, due in thirty days, secured by a chattel mortgage on the firm property. On the next day the plaintiff levied attachments upon the mortgaged property and took possession. Soon after this levy the defendant in error, as the assignee of the above chattel mortgage, brought an action in replevin and regained the possession of the goods. That this mortgage was given to secure *bona fide* debts seems to be fully established, and in this state, under the holdings of this court, a creditor in failing circumstances may prefer his creditors. Justice would be subserved by requiring an equitable distribution of the property between all creditors in such cases, and a change in the law on that subject is worthy of the consideration of the legislature. But the common law in regard to preferences is in full force in this state, and as that law recognizes the right of a failing debtor to prefer his creditors, error cannot be assigned because of such preference. The mortgagee, therefore, being a *bona fide* creditor and having a prior lien to that of the attaching creditors, was entitled to the possession of the property until a sufficient amount had been sold to satisfy his claims. It also appears that certain proceedings in garnishment were instituted against the mort-

gagee, and that the surplus over the amount required to pay the mortgagee has been applied in such proceedings. The plaintiff, no doubt, has a right to contest the right of other creditors to such surplus, and if the liens held by him are prior to theirs, secure it; but that question is not before the court.

There is no error apparent in the record and the judgment is affirmed.

JUDGMENT AFFIRMED.

THE other Judges concur.