MENZESHEIMER and another, Respondents, vs. KENNEDY, Appellant.

*December 6, 1889 — January 7, 1890.*

*Debtor and creditor: Insolvency: Chattel mortgages: Voluntary assignment: Fraud.*

1. Chattel mortgages by an insolvent debtor of all his property exempt from execution, given for no other purpose than to secure his indebtedness to two of his creditors, do not constitute a volun-

tary assignment within the meaning of ch. 80, R. S., and, there being no fraud in the transaction, are valid as against other creditors.

2. The fact that the value of the property exceeded the debts which the mortgages were given to secure, is not necessarily a badge of fraud, but merely a circumstance to be considered in determining the question of fraud.

APPEAL from the Circuit Court for *Douglas* County.

Action to recover the value of a certain stock of goods, alleged to be the property of the plaintiffs and to have been converted by the defendant to his own use. The defense is that the defendant, as sheriff of Douglas county, seized the goods under and by virtue of certain writs of attachment issued in actions against one Henry Cahn, and that such goods were the property of said Cahn.

The cause was tried by the court without a jury. In due time the court filed findings of fact and conclusions of law, pursuant to which the plaintiffs had judgment. The findings are, in substance, that on December 28, 1887, Cahn was the owner of the goods in controversy; that he was indebted to the plaintiffs, respectively, in the sums of $3,310 and $510; that he owed other debts to the amount of $2,500, and was insolvent to the knowledge of the plaintiffs. On that day he executed two chattel mortgages upon such goods to the plaintiffs, respectively, for the amount of his indebtedness to them; the goods being substantially all the property he owned not exempt from seizure on attachment or execution. These mortgages were given to secure such indebtedness to the plaintiffs, *and for no other purpose.* When so given, there was no understanding between Cahn and plaintiff *Menzesheimer* (who acted in the matter in his own behalf and as the agent of the plaintiff *Silverman)* that plaintiffs should take possession of the mortgaged property; but two days thereafter they did take possession thereof under their mortgages. A few days later, the de-

fendant, as sheriff, seized the goods in their hands by virtue of several valid writs of attachment issued in actions by other creditors against Cahn, and refused to return the goods to plaintiffs on due demand therefor made before this action was commenced. The property so seized and taken by the defendant is of the value of $5,003, and the aggregate of Cahn's indebtedness to the plaintiffs, secured by the chattel mortgages, was, when the findings were filed, $4,283.68.

The conclusions of law from such findings are that the seizure of the goods by the defendant was wrongful as against the plaintiffs, and that the latter are entitled to judgment for said sum of $4,283.68. There is no bill of exceptions.

Judgment for the plaintiffs was entered accordingly, from which the defendant appeals.

For the appellant there was a brief by *Burhans & Perkins, D. E. Roberts*, and *W. M. Steele*, and oral argument by *Mr. Roberts*. They contended, *inter alia*, that where an insolvent debtor transfers all his property, not exempt, by chattel mortgages to one or more preferred creditors under such circumstances that it is evident there is no intention of giving security merely and of going on with the business, but an absolute parting with the *jus disponendi*, then such transfer is an assignment, and is void. *Freund v. Yaegerman*, 26 Fed. Rep. 812; *Martin v. Hausman*, 14 id. 16; *Kellog v. Richardson*, 19 id. 70; *Perry v. Corby*, 21 id. 737; *Bean v. Patterson*, 12 id. 739; *Kerbs v. Ewing*, 22 id. 693; *Clapp v. Dittman*, 21 id. 15; *Meinhard v. Strickland*, 29 S. C. 491; *Collier v. Wood*, 85 Ala. 91; *Clapp v. Nordmeyer*, 25 Fed. Rep. 71. It does not matter that an intent to defraud was not proved; the result of the transaction was disastrous to all outside creditors, and that is a good test. *Logan v. Logan*, 22 Fla. 561; *S. C.* 1 Am. St. Rep. 212.

For the respondents there was a brief by *Ross & Dwyer*,

and oral argument by *W. D. Dwyer.* To the point that an insolvent debtor may prefer creditors if the same is done in good faith, and this not only in the form of actual payment of money to the particular creditors preferred, but also by the giving of chattel mortgages to such creditors, they cited *Oliver v. Town,* 28 Wis. 328; *Ball v. Bowe,* 49 id. 499; *Allen v. Kennedy,* id. 549; *Hoey v. Pierron,* 67 id. 262; *Carter v. Rewey,* 62 id. 552; *Anstedt v. Bentley,* 61 id. 629; *Wachter v. Famachon,* 62 id. 123; *Chas. Baumbach Co. v. Miller,* 67 id. 449; *Landauer v. Vietor,* 69 id. 439; *Noyes v. Qvale,* 70 id. 224; *Ingram v. Osborn,* id. 184; *Chicago Coffin Co. v. Maxwell,* id. 282; *Greene & Button Co. v. Remington,* 72 id. 648; *Tootle v. Coldwell,* 30 Kans. 125; *Meinhard v. Strickland,* 29 S. C. 491; *Eureka I. & S. Works v. Bresnahan,* 66 Mich. 489, and cases cited; *Martin v. Hausman,* 14 Fed. Rep. 160; *Leitch v. Hollister,* 4 N. Y. 211; *Dunham v. Whitehead,* 21 id. 131; *Knapp v. McGowan,* 96 id. 86; *Royer Wheel Co. v. Fielding,* 101 id. 504; *Brown v. Guthrie,* 110 id. 437; *Hine v. Bowe,* 114 id. 355.

Lyon, J. The giving of the chattel mortgages by Cahn to the plaintiffs on the goods in controversy is not a voluntary assignment for the benefit of creditors, in the sense in which that term is used in the statutes. The transaction has none of the essential characteristics of such an assignment, but is nothing more nor less than the giving of security by mortgage by an insolvent debtor to two of his creditors, leaving his other creditors unsecured. If there is no fraud in the transaction, he may lawfully do this. This court has repeatedly so held. Many of the adjudications are cited in the briefs of counsel. In these cases the subject is fully considered, and it is entirely unnecessary to repeat the discussion here. The court found that the mortgages were given to secure Cahn's indebtedness to the plaintiffs, and for no other purpose. As a matter of course,

this finding negatives the proposition that they were given for the further purpose of defrauding other creditors of Cahn. Inasmuch as the evidence has not been preserved in the record, the accuracy of such finding cannot be questioned. Neither is there anything in the findings which raises any inference of fraud. True, the mortgages operate to give the plaintiffs a preference over other creditors of Cahn, but, in the absence of fraud, such preference, not being made in a voluntary assignment for the benefit of creditors, is lawful. It is also true that the value of the property mortgaged exceeded the debts the mortgages were given to secure. But that circumstance is not necessarily a badge of fraud. At most, it is a fact to be considered by the court or jury in determining the question of fraud, and presumably was so considered by the court in this case. The judgment of the circuit court must be affirmed.

*By the Court.*— Judgment affirmed.