## Jacob Kahn et al.

### v.

## Joseph A. Kohn et al.

*Trespass—Attachment—Goods in Possession of Mortgagees—Assign-*
*ment—Preferences—Law of Nebraska.*

In an action of trespass brought against the defendants for attaching goods
in the hands of mortgagees, the mortgagor being indebted to them, the
contention on the part of defendants being, that the mortgages were void
under the statute of the State of Nebraska concerning assignments, the
goods in question being located therein, this court holds that the evidence
does not justify the view that the mortgages in question were intended as
preferences, but does warrant the assumption that they were given to
pay *bona fide* debts, and declines to interfere with the judgment for the
plaintiff.

[Opinion filed March 10, 1890.]

Appeal from the Circuit Court of Cook County; the Hon.
Julius S. Grinnell, Judge, presiding.

Messrs. Flower, Smith & Musgrave, for appellants.

Messrs. Tenney, Hawley & Coffeen, and A. W. Green,
for appellees.

Gary, P. J.    This case has been argued here, both orally
and on briefs, upon the merits as they would appear under
the law of Nebraska.

One A. M. Hayden, of Wymore, Nebraska, having a store
there, and another about thirty miles distant in Washington,
Kansas, owed the appellee firm of Kohn Bros., $2,400, and the
appellee firm of Bradley & Metcalf, $6,350.    To other cred-
itors he was indebted in the sums of $6,000, $400 and $1,300,
respectively.

Urged by an attorney of Wymore, who, perhaps, assumed
a good deal more authority to act for creditors than he had in
fact, Hayden consented to mortgage his stock of goods at

Wymore to the appellees, and that at Washington to secure the $1,300 debt above mentioned, and, of his own will, made mortgages on the latter store to the creditors of the $6,000 and $400 debts, giving them precedence of the $1,300 mortgage.

Hayden owed many other debts, for the payment of which no provision was made, and to pay which he had no sufficient assets. The appellants attached the stock at Wymore, being themselves creditors of Hayden, on the ground that the mortgages on the stock were void under the statute of Nebraska concerning assignments, which enacts that "no voluntary assignment for the benefit of creditors, hereafter made, shall be valid, unless the same shall be made in conformity to the terms of this act;" and "every such assignment shall be void against the creditors of the assignor, first, if it gives a preference of one debt or class of debts over another."

Reading all the evidence in the case, no fair inference can be made therefrom, that these several mortgages were not intended to have the effect, and only the effect, which, by their terms, the law gave them.

They were for *bona fide* debts; there was no agreement, express or implied, that they should be used for any other purpose than to procure payment of those debts. There was no trust, open or secret, for the benefit of Hayden. That the attorney in drafting the mortgages putting them on record, and in the subsequent sale of the property covered by them, stood in a fiduciary relation to the mortgagees is true, but that relation was independent of Hayden, and in the creation of it, Hayden had no part. And that Hayden, after the execution of the mortgages, consented that the mortgagees should sell the goods at private sale, and before their execution knew they would stop his business, and intended they should operate as preferences to the mortgagees over his other creditors—any and all of these circumstances do not bring the mortgagees within the letter of the statute to affect their validity. And the Supreme Court of that State seems to hold that mortgages to creditors to secure *bona fide* debts, by an insolvent

debtor, which operate as preferences, are not avoided by the statutes.   Davis v. Scott, 22 Neb. 154.   But if made to a trustee for several creditors the rule is the other way.   Bonns v. Carter, Ib. 495.

It follows that the appellants, having attached the stock at Wymore, where it was in the possession of the appellees, under their mortgages, are liable in this action of trespass for the value of the goods they took.   There is no error and the judgment is affirmed.

*Judgment affirmed.*