DANIEL C. KAVANAUGH V. I. OBERFELDER & COMPANY.

FILED SEPTEMBER 20, 1893.   No. 4969.

1. **Trover and Conversion**: PLEADING. A petition in an action in the nature of trover averred ownership generally of certain chattels in the plaintiff. The defendant denied plaintiff's ownership and alleged ownership in one B. F. S., and a seizure by defendant under proceedings against B. F. S. *Held*, That the title to the chattels was properly put in issue by these pleadings, and that plaintiff's case was sustained by proof of ownership in Mrs. S., and a chattel mortgage made by Mrs. S. to the plaintiff.

2. **Voluntary Assignments**: PREFERRED CREDITORS. The assignment law, Compiled Statutes, chapter 6, does not deprive insolvent debtors of their common law right to prefer creditors. The law merely prohibits preferences (with certain exceptions named in the act) when made in the assignment itself and preferences made within thirty days before an assignment actually executed, with notice upon the part of the creditor preferred that the debtor was then insolvent or contemplating insolvency.

ERROR from the district court of Platte county.  Tried below before POST, J.

*Bowman & Smith* and *Pound & Burr*, for plaintiff in error.

*Sullivan & Reeder* and *I. L. Albert, contra.*

IRVINE, C.

This cause has twice before been in this court.  It is reported in 21 Neb., 483, and 29 Neb., 427.  The former opinions contain a full statement of the facts.  A third trial resulted in a verdict in favor of Oberfelder & Co., the plaintiffs below, for $2,072, and the defendant, this time, prosecutes error.

It is claimed that the court erred in giving certain instructions submitting to the jury the question as to whether B. F. Stump or Mrs. Stump was the owner of the goods in controversy.  No exceptions were taken to the giving of these instructions, and they are, therefore, not presented to this court for review.  If, however, the plaintiff in error is correct in his theory that the ownership of the goods was not put in issue by the pleadings, the point is probably preserved by the assignment of error that the verdict was not sustained by sufficient evidence, and that it is contrary to law, the estoppel pleaded having been held bad in 29 Neb., 427, and not having been submitted to the jury upon the third trial.  It is true that the plaintiffs below did not allege that the goods belonged to Mrs. Stump and that they derived their title through her.  They do, however, allege ownership in themselves, and issue was joined by the answer's alleging ownership in Stump and a seizure upon process directed against him.  We do not think it necessary for the plaintiff in an action of trover to trace in his petition the devolution of title to himself; and, while the evidence shows that Oberfelder & Co. claimed ownership

under a mortgage and not absolute ownership in the goods, we think evidence of such title was admissible under a general allegation of ownership; especially since the case has been twice considered by this court, and each time the true state of the title was treated as having been properly put in issue.

Plaintiff in error next argues that, conceding Mrs. Stump to be the owner of the goods, the mortgage to Ober-felder & Co. was fraudulent as against creditors. The argument is that, at the time the mortgage was given, Mrs. Stump was contemplating making a general assignment for creditors; that through Mr. Oberfelder's influence she was induced to make the mortgage, in effect preferring his claim; that an assignment was in fact drawn. This was not executed by her, or at least not delivered. It is claimed that the policy of our assignment law is to prevent preferences, except those permitted by the act, and that the execution of this mortgage operated to create an unlawful preference and to prevent an assignment, and must be treated as void under section 42 of the assignment law.

The assignment law was not intended to deprive a debtor of his right to prefer creditors. In *Hershiser v. Higman,* 31 Neb., 531, it is said: "This court in numerous cases has held that it is competent for a debtor to secure one or more creditors to the exclusion of others where the transaction is not tainted with any fraudulent intent. The fact that Boylan was insolvent does not affect his right to secure part of his creditors." And in *Brown v. Williams,* 34 Neb., 376, the court, through Mr. Justice Post, says: "It has been frequently held by this court that it was not the purpose of the assignment law to take away the dominion which, at common law, one is permitted to enjoy over his own property. A debtor in failing circumstances may still secure one or more of his creditors by mortgage or conveyance absolute, provided the transaction is not tainted with fraud, although the effect of such conveyance or mortgage

is to defeat the collection of other claims." And the case of *Banks v. Omaha Barb Wire Co.*, 30 Neb., 128 (the case relied upon by plaintiff in error), is cited in support of that proposition. All these cases arose after the passage of the present assignment law. An assignment is a voluntary act. A debtor cannot be compelled to make it, and it is only when he does make such an assignment that section 42 of the act applies, and renders void transfers of his property made within thirty days before the making of such assignment with notice to the grantee of his insolvency.

As was said in *Hershiser v. Higman, supra*, referring to sections 42 and 43 of the assignment law: "The above provisions do not in any manner affect mortgages given to preferred creditors more than thirty days before the making of an assignment, but such mortgages are valid unless followed by an assignment within thirty days after the same are given." The common law right to prefer a creditor, therefore, remains, and the assignment law only defeats such preference when an assignment is thereafter actually made and delivered within the period provided by the act and under the circumstances therein designated.

The sufficiency of evidence as to the ownership of the goods is generally questioned. Upon this point the testimony was conflicting, as from the former opinions it seems to have been upon the other trials. We have examined it and are satisfied that it is sufficient to support the verdict.

JUDGMENT AFFIRMED.

THE other commissioners concur.