WILLIAM J. MAWHINEY v. OAKLEY E. GREEN.

FILED APRIL 5, 1895. No. 5787.

Replevin: VERDICT: DIRECTION FOR DEFENDANT: EVIDENCE. In this case there were involved only questions of fact, as to which the evidence was such as fully justified the direction given the jury to find for the defendant in error.

ERROR from the district court of Nance county. Tried below before SULLIVAN, J.

*N. C. Pratt*, for plaintiff in error.

*M. V. Moudy, contra.*

RYAN, C.

By virtue of an execution issued for the satisfaction of a judgment against Thomas Apgar, the sheriff of Nance county levied upon 437 bushels of oats in a bin situated upon the farm of Apgar. These oats were replevied from the sheriff by Oakley E. Green, to whom, while said oats were growing in the field, they had been mortgaged. At the time the execution was levied the officer who held it was notified of the existence of the aforesaid mortgage, nevertheless he refused to yield possession of the property. In accordance with the express direction of the district court of Nance county so to find there was a verdict for plaintiff in that court. Judgment having been duly rendered thereon, the defendant prosecutes error proceedings for the reversal of the aforesaid judgment.

In the brief submitted by plaintiff in error it is stated that there is involved only one question, and that a question of law. As the discussion proceeds, however, it seems to develop three closely related propositions of fact, rather than law, which shall now receive attention in the order in which they occur. It is first insisted that, as the mortgage was on "thirty-five acres of growing oats," etc., this description was inoperative as against oats afterwards placed in a bin. The evidence left no doubt, however, as to the oats in the bin on the farm whereon the crop was grown being a part of the oats which were growing when the mortgage was executed. The question involved was simply one of identity, which the evidence precluded being settled otherwise than as it was. As to the presumption

48

which arises from the failure to take and hold continuous possession of the mortgaged property under the provisions of section 11, chapter 32, Compiled Statutes, it is necessary only to state that the evidence showed that the mortgage was made in good faith and without fraudulent intent, in the absence of any attempt to establish the contrary. This being true, the presumption indicated was overcome. (*Davis v. Scott,* 22 Neb., 154.) It is next urged the mortgage was upon a portion of the oats growing, and that, therefore, the mortgage was void for uncertainty. If this was correct, there would be presented a question of law; but such is not the case. The mortgage covered thirty-five acres of growing oats, and there is no question made that there were more than that number of acres of oats on the farm of Mr. Apgar. The levy was on 437 bushels in a bin. Probably these oats were but a part of what grew on the entire tract, yet this fact has no tendency to render invalid a mortgage upon all the oats that had previously been growing. The judgment of the district court is

AFFIRMED.