Strong and another vs. Kalk and others.

STRONG and another, Appellants, vs. KALK and others, Garnishees, Respondents.

*September 7 — September 26, 1895.*

*Debtor and creditor: Chattel mortgages: Voluntary assignment.*

An insolvent debtor, wishing to prefer certain creditors who were relatives and friends, gave them a chattel mortgage covering all his property, it being agreed by all that one of the mortgagees should take immediate possession of the property in trust for all of them, and should sell it and distribute the proceeds among them *pro rata.* Subsequently two other creditors took chattel mortgages on the same property, with full knowledge of the facts, and became parties to the arrangement mentioned, with the understanding that their claims should be paid after those of the other mortgagees. All parties to this arrangement knew that the mortgagor was hopelessly insolvent and that he was indebted to a large amount outside of the claims secured. *Held,* that the transaction amounted to an assignment for the benefit of creditors, in violation of the statute (secs. 1693*a*, 1694, S. & B. Ann. Stats.), and that the mortgages were therefore void as to other creditors.

APPEAL from a judgment of the circuit court for Sheboygan county: N. S. GILSON, Circuit Judge. *Reversed.*

On the 6th day of October, 1892, the defendant, Jacob Imig, was indebted in severalty to the following fourteen persons: *Leopold Gutsch, Charles Imig, Julia Imig, Adam Imig, Louis Gutsch, Charles S. Weisse, Otto J. Gutsch, Hans Gutsch, Henry Imig, Louis Oxberger, John Balzer, Jr., Augusta Brechtel, Henry W. Kalk,* and *John Stockdyke,* all being his relatives or personal friends. The sums due to such persons respectively amounted in the aggregate to $9,936. He had other creditors, including plaintiffs, and the amount of all his indebtedness largely exceeded the value of his entire property. He was in fact absolutely insolvent, and with the full knowledge of such insolvency on the part of the said fourteen creditors, or of the person or persons

who acted for them in the transaction, a chattel mortgage was made by him to such creditors to secure their several claims, covering all his property, consisting of a stock of boots and shoes and some book accounts. The mortgage contained all the usual provisions common to chattel mortgages, and provided as follows: " In case the mortgagees or any of them at any time deem the said property or the said debts or either of them insecure, they or either of them are hereby authorized to take possession of the mortgaged property or any part thereof, and to sell the same, and to apply the proceeds as provided."

At the time of the giving of the mortgage it was agreed between the mortgagor and the mortgagees present and those absent, through the person authorized or who assumed to act for them, that one of such mortgagees should take immediate possession of the property for the benefit of all of them, and apply the same under the terms of the mortgage; the purpose being to pay the secured claims in full, if the proceeds should be sufficient for that purpose, otherwise *pro rata*, and, if there was more than enough, then that the other creditors should have the balance. Several of the mortgagees were neither present nor had any knowledge of the transaction. *Henry W. Kalk*, one of the mortgagees, immediately after the execution of the mortgage, took possession of the property pursuant to the provisions thereof and the contemporaneous verbal agreement referred to, and thereby became trustee for the creditors named therein.

Soon after the making of the first mortgage, and on the same day, defendant Imig gave to *Charles L. Zschetzsche*, who was a creditor in the sum of $4,617, a second mortgage on the property, to secure the payment of such indebtedness. *Zschetzsche* took the security with full knowledge of his debtor's insolvency and of the facts in regard to the first mortgage, and constituted *Kalk* his agent to handle the property in trust for him, subject to such first mortgage.

Soon after the making of the second mortgage, and on the next day, defendant Imig gave a third mortgage to *Niles T. Stickney,* who was also a creditor. *Stickney* received his security with full knowledge of his debtor's insolvency and of the facts in regard to the prior mortgages, and immediately constituted *Kalk* his agent to hold and administer the property in trust for him, subject to the rights of such prior mortgagees.

Appellants were creditors to the amount of $1,323.25. They sued to recover the same, and garnished all the mortgagees. Judgment was rendered in their favor against the principal defendant for $1,452.76, and in favor of the garnishees for costs. From the judgment in the garnishment proceedings this appeal was taken.

*G. G. Sedgwick* and *J. S. Anderson,* for the appellants, argued, among other things, that an attempted voluntary assignment may be in the form of a chattel mortgage or any other writing, in case it provides for a trust, a trustee, a creditor, and a *cestui que trust. Norton v. Kearney,* 10 Wis. 443; *Page v. Smith,* 24 id. 368; *Winner v. Hoyt,* 66 id. 227; *Maxwell v. Simonton,* 81 id. 635; *Fuller & Fuller Co. v. McHenry,* 83 id. 573; *Northern Nat. Bank v. Weed,* 86 id. 212; *McCown v. Russell,* 84 id. 122.

For the respondents there was a brief signed by *D. T. Phalen* and *Simon Gillen,* attorneys for all except *Zschetzsche* and *Stickney,* by *A. C. Prescott,* attorney for *Stickney,* and by *Felix Benfey,* attorney for *Zschetzsche;* and the cause was argued orally by *Mr. Phalen.* They contended, *inter alia,* that the evidence does not bring the case within the authorities relied upon by the appellants, but on the contrary brings it clearly within the rule laid down in *Wachter v. Famachon,* 62 Wis. 117; *Anstedt v. Bentley,* 61 id. 629; *Landauer v. Vietor,* 69 id. 434; *Menzesheimer v. Kennedy,* 75 id. 411; *Bank of River Falls v. German Am. Ins. Co.* 72 id. 535; *Cribb v. Hibbard, S., B. & Co.* 77 id. 199; *Greene*

Strong and another vs. Kalk and others.

*& B. Co.* v. *Remington,* 72 id. 648; *Peninsular S. Co.* v. *Sacket,* 74 id. 526; *Noyes* v. *Qvale,* 70 id. 224; *Michelstetter* v. *Weiner,* 82 id. 298; *Cluett* v. *Rosenthal,* 100 Mich. 193. See, also, *Armstrong* v. *Cook,* 95 Mich. 257; *Pierce* v. *Johnson,* 93 id. 125; *Warren* v. *Dwyer,* 91 id. 414; *Sheldon* v. *Mann,* 85 id. 265; *Warner* v. *Littlefield,* 89 id. 329; *Fitzgerald* v. *McCandlish,* id. 400; *Hyde* v. *Shank,* 77 id. 517; *Gore* v. *Ray,* 73 id. 385; *American W. Co.* v. *Schofield B. Co.* 89 id. 15; *Bank of Montreal* v. *J. E. Potts S. & L. Co.* 93 id. 342; *Kendall* v. *Bishop,* 76 id. 634.

MARSHALL, J.   A careful study of this case fails to disclose any reversible error, unless the court erred in failing to find that the mortgages given by the defendant, Imig, together with the verbal agreement made between the parties at the time, in connection with circumstances then existing, constitute an assignment for the benefit of creditors, within the authority of *Winner* v. *Hoyt,* 66 Wis. 227; *Maxwell* v. *Simonton,* 81 Wis. 635; *Fuller & Fuller Co.* v. *McHenry,* 83 Wis. 573; and *Northern Nat. Bank* v. *Weed,* 86 Wis. 212.

The statement of facts preceding this opinion presents a case where an insolvent debtor, wishing to prefer fourteen of his creditors, who were relatives and friends, gave them a chattel mortgage covering all his property, coupled with an agreement, made at the time, that one of such creditors should immediately take possession of such property, as agent and trustee for all, and administer the trust in accordance with the mortgage and such agreement.   Subsequently two other creditors took chattel mortgages on the same property, with full knowledge of all the facts in regard to the first mortgage, and became parties to the arrangement first made, substantially the same as if they had been named in the first mortgage, to be paid — *Zschetzsche* after the fourteen creditors, and *Stickney* last.   All the parties, from first

to last, knew that the mortgagor was hopelessly insolvent and that he was indebted to a large amount outside of the claims secured. Do the facts and circumstances constitute an assignment for the benefit of creditors? That is the question.

From the foregoing, it is needless to say that we think the learned trial judge erred in not finding, as requested by the appellants, that at the time of the making and execution of the first mortgage it was agreed by all the parties interested in the transaction that one of the mortgagees should take immediate possession of the mortgaged property, in trust for all the mortgagees, and sell the same and distribute the proceeds, after paying the expenses, among the creditors named in the first mortgage, *pro rata,* until all were paid in full, and that the mortgagees *Zschetzsche* and *Stickney* subsequently became parties to such agreement. In *Winner v. Hoyt* it was distinctly held that chattel mortgages and assignments of accounts, transferring the entire property of an insolvent debtor to certain of his creditors, with intent that one of such creditors, for himself and as agent for the others, should take possession and convert such property into money and divide the same *pro rata* among such favored creditors, are in effect general assignments for the benefit of creditors, with preferences, and void as to the other creditors. This rule has stood the test of repeated reviews, and is so intrenched in the jurisprudence of this state that it is not liable to be modified; and whenever a case is presented coming squarely within such rule there will be no hesitation in applying it, to prevent the statutes of this state on the subject of voluntary assignments for the benefit of creditors, and against preferences, from being violated.

Counsel for respondents cite several cases decided in this court to show that this case is not within the rule stated, but a brief examination of them will show plainly that they differ from *Winner v. Hoyt* and this case as well, in several material particulars. In *Cribb v. Hibbard, S., B. & Co.* 77

Wis. 199, there were two chattel mortgages taken as independent transactions, without collusion, each creditor acting for himself to secure a claim due to him alone.   One of the mortgagees held a claim which accrued to him originally and one that he had purchased.   The mortgages did not cover all the property of the mortgagor, and there was no agreement for a trustee to act for all parties.   In *Menzesheimer v. Kennedy*, 75 Wis. 411, an insolvent debtor gave two chattel mortgages upon his property to two of his creditors, to secure their respective claims.   One of the mortgagees acted for himself and as agent for the other.   There was no understanding between the debtor and creditors that they should take possession of the property.   In *Michelstetter v. Weiner*, 82 Wis. 301, there were three chattel mortgages, each given to secure a distinct claim.   No agreement to take possession was made at the time of the execution of the mortgages, and afterwards the property was turned out to the attorney for the mortgagees in satisfaction of the indebtedness secured.   The court held that the whole transaction was simply a transfer of property, made absolutely by way of full payment and satisfaction of debts, and constituted really but an ordinary conveyance.   It is needless to review the other cases cited.   They all differ in essential particulars from *Winner v. Hoyt* and the case under consideration.

In *Cribb v. Hibbard, S., B. & Co.* 77 Wis. 208, *Ingram v. Osborn*, 70 Wis. 184, and other cases in this court, it is laid down that the test, in order to determine the question of whether a transaction amounts to an assignment for the benefit of creditors, is that: "There must be a trustee, creditors, and *cestui que trust* who can compel an enforcement of the trust, in order to constitute such an assignment;" but "it is not essential that a trustee should be named as such in the instrument" (*Cribb v. Hibbard, S., B. & Co. supra*), or be specifically named at all at the time of

the transaction, if it is definitely agreed that there shall be a trustee in fact, to hold property and administer it as such. Nor is it essential that all, in order to be bound, should be parties to the transaction at the outset. They will be equally bound if, with the knowledge of the facts, they become parties afterwards, as in the case of *Zschetzsche* and *Stickney* in this case. Neither is it essential that the transfer should be made directly to the trustee. If made directly to creditors, covering all the insolvent's property, coupled with an agreement that all such property shall be immediately turned over to one of the creditors or some third party to act as trustee for all, that is sufficient. We have, then, all the elements to bring this case within *Winner v. Hoyt* and the other cases cited, following and approving it, showing a clear violation of the statutes of this state on the subject of assignments for the benefit of creditors and prohibiting preferences in such assignments. To sustain the judgment appealed from, on the facts disclosed, would render it perfectly easy for any insolvent debtor to make an assignment for the benefit of creditors, with preferences, by merely executing a chattel mortgage directly to his creditors, covering all his property, with an agreement that one of such creditors should take immediate possession of the mortgaged property and administer it for the benefit of all in the order named in the mortgage, and thereby nullify the statutes on the subject.

The chattel mortgages should have been held void, and the garnishee defendants held liable.

*By the Court.*— The judgment of the circuit court is reversed, and the cause remanded with directions to render judgment in favor of the plaintiffs in accordance with this opinion.